UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| R.T. CASEY, INC. | * | CIVIL ACTION |
| | * | |
| | * | NO.   11-2794 |
| VERSUS | * | |
| | * | SECTION |
| | * | |
| CORDOVA TELEPHONE COOPERATIVE, INC. | * | JUDGE |
| AND | * | |
| MID-STATE CONSULTANTS, INC. | * | MAGISTRATE |
| * * * * * * * * * * * * * * * * * * * | * | |

## COMPLAINT

NOW INTO COURT, comes plaintiff, R.T. Casey, Inc. to file this complaint against the defendants, Cordova Telephone Cooperative, Inc. and Mid-State Consultants, Inc.

### I.
### PARTIES

R.T. Casey, Inc., a corporation organized under the laws of Louisiana, ("Casey"), entered into a contract dated January 24, 2011, which was subsequently amended in March and April of 2011, with Cordova Telephone Cooperative, Inc., a corporation organized under the laws of Alaska, ("Cordova") agreeing to supply and install undersea optical fiber cable to Cordova for the sum of $9,726,095.00 (the "Contract").

**II.**

Mid-State Consultants, Inc., a corporation organized under the laws of Utah ("Mid-State") was retained by Cordova to prepare and administer the Contract.

**III.**
**JURISDICTION AND VENUE**

Jurisdiction is proper pursuant to 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and cost.

**IV.**

Venue is proper pursuant to 28 U.S.C. § 1391.

**FACTS**

**V.**

Casey fully and completely performed its obligation to install the cable as provided under the Contract. On or about August 9, 2011, Cordova took possession and has since that time made full use of the cable.

**VI.**

On August 29, 2011, Casey submitted to Cordova its invoice for payment no. 6 under the Contract in the amount of $611,609.50.

**VII.**

On August 31, 2011, Mid-State advised Casey that its invoice for payment no. 6 was rejected, allegedly because the Final Route Survey Report submitted by Casey did not comply with the Contract requirements.

**VIII.**

Thereafter, on September 2, 2011 Mid-State submitted to Casey detailed written specification of information to be included in the Final Route Survey Report that it claimed was required by the Contract.

**IX.**

The Contract prepared by Mid-State contained no details or specifications regarding the contents and details of the final route survey. The Contract simply defined the "Final Route Survey Report" as the "final route survey as supplied by [Casey] upon completion of the work."

**X.**

The Final Route Survey Report submitted by Casey fully satisfied the requirements of the Contract. Casey provided Mid-State and Cordova with a certification from a recognized authority in the industry that the report met all industry standards.

**XI.**

Cordova and Mid-State have refused to process Casey's payment No. 6 in the amount of $611,609.50 or pay the retention due Casey in the amount of $455,724.28, for a total balance due on the Contract of $1,067,333.78.

**XII.**

In accordance with the Contract and information provided by Mid-State, Casey pulled the cable through a conduit line that was previously installed by other contractors retained by Cordova under a separate contract, which work was also performed under the administration of Mid-State. On or about August 9, 2011, the installation of the cable was completed, tested by third party experts, inspected and accepted by Mid-State and Cordova.

## XIII.

Sometime in mid-September 2011, the construction of the conduit failed causing it to rise from the sea bottom and dragging the cable up with it.

## XIV.

On September 16, 2011, Mid-State issued a work directive to Casey to immediately take action to secure the conduit to the sea floor and to rebury the cable.

## XV.

In accordance with the work directive issued by Mid-State, Casey performed the work. The cost of performing said work is $75,215.91.

## XVI.

Despite the admission by Paul Kelly, the general manager of Cordova, that "the conduit had obviously never been buried as planned," Cordova has denied any responsibility for the work performed pursuant to the work directive issued by Mid-State.

## XVII.

The performance of the Contract work required Casey to lay the cable in open seas. As is inherent in such operations, unexpected weather caused the vessels engaged in the cable laying operation to veer off-course for a short period of time. Cordova and Mid-State were promptly made aware of the course change caused by the unexpected weather conditions. Under Article 14 of the Contract, Cordova has thirty (30) days from receipt of notice to provide a written response. Casey notified Cordova and Mid-State of the force majeure event and no written response has ever been received by Casey. The cable laying operation returned to its intended course and continued to lay the cable for the remaining 41 kilometers and to install the cable through the conduit supplied by

Cordova in route to Cordova's land facility. Thereafter, the cable was tested by third party experts and found to exceed all testing parameters required under the Contract and accepted by Cordova. Since August 9, 2011, the cable has been in full use by Cordova. Notwithstanding the above, Cordova has refused to make any further payment to Casey claiming that the change in course caused by the force majeure described above was a breach of contract and has made unsubstantiated claims, without any support, that the cable may have to be moved.

## XVIII.

Article XIV of the Contract provides that Casey "[s]hall not be responsible for any loss, damage, delay or failure of performance resulting from a Force Majeure event" and "[i]f any such Force Majeure causing an increase in the time or cost required for performance of any of its duties and/or obligations, [Casey] shall be entitled to an equitable extension of time for completion and an equitable increase in the Contract Price for performance of its duties." If any additional work is needed resulting from the force majeure event, Cordova is responsible for the cost.

## XIX.

Mid-State had a representative assigned to the work site who was present on the date of the force majeure event. The owner's representative also visited the work site shortly thereafter. Not until October 11, 2011, after the entire cable was laid in place, all of the work completed and after Casey submitted its payment application No. 6 did Cordova and Mid-State make any claim of a breach of contract because of the change in course caused by the force majeure event.

## XX.

Although not required by the Contract, Casey has provided mapping of the area in question showing that there are no wrecks or obstructions located in the area.

### XXI.

Neither Cordova nor Mid-State have assigned any value or loss for additional work or damages due to the course change.  Notwithstanding, Cordova has used the force majeure event as a pretext for withholding payment of the entire balance of the Contract price due Casey.  Cordova has admitted that the current balance of the Rural Utility Service of the United States of America ('RUS") loan obtained to fund the Contract is not sufficient to satisfy the remaining payment obligation under the Contract.

### COUNT ONE

### Failure to Pay Contract Price

### XXII.

Casey hereby adopts by reference paragraph I through XXI, as if copied herein.

### XXIII.

Cordova is indebted to Casey for the remaining balance of the Contract price in the amount of $1,097,914.25, plus interest and attorney's fees.

### COUNT TWO

### Failure to Pay for Directive Work

### XXIV.

Casey hereby adopts by reference paragraph I through XXI, as if copied herein.

### XXV.

Cordova and Mid-State are jointly and severally liable to Casey for performing of the directive work in the amount of $75,215.91, plus interest and attorney's fees.

## COUNT THREE

### Failure to Properly Administer the Contract

### XXVI.

Casey hereby adopts by reference Paragraph I through XXI, as if copied herein.

### XXVII.

Mid-State, as the assigned professional to administer the Contract, had a duty to Casey to perform in a competent manner in accordance with all applicable professional standards and practices.

### XXVIII.

The Contract, prepared by Mid-State, provided no specification or detail whatsoever regarding the details of information it now claims Casey was obligated to provide with respect to the "Final Route Survey Report." Casey has provided a Final Route Survey in accordance with normal and customary standards applicable to its operations. After completion of the work, Mid-State claimed that the Contract requires a survey containing data and information that far exceed the usual customary standard requirements.

### XXIX.

Mid-State was promptly notified of the change in course caused by a force majeure and failed to timely notify Casey of any perceived problems created by the course change as required by the Contract.

### XXX.

Given the recognized and inherent risk of unexpected course change caused by the weather, the Contract specifically provides Casey is not responsible for any loss, damage, delay or failure of

7

performance resulting from a force majeure event. Despite the terms of the contract, on October 11, 2011–two months after having knowledge of the course change–Mid-State declared Casey in breach of the Contract due to the course change.

### XXXI.

No breach of contract nor any damages have resulted from the course change caused by the force majeure. Mid-State has misinterpreted the Contract such that the course change is a breach of contract by Casey and has used it as a pretext to withhold the entire remaining payments due Casey.

### XXXII.

Mid-State has refused to authorize the payment of the work it directed Casey to perform because of the failure of the conduit installed by another contractor who performed such work under Mid-State's administration. Although Mid-State is fully aware that the directive work was due at least in part to its failure to properly administer the conduit contract, Mid-State has refused to authorize payment to Casey claiming that such work is covered by the warranty provided in the Contract. The warranty only extends to the work performed by Casey and specifically states "[t]he warranty by the Contractor shall not apply to defects or failures of performance that result from damage caused by acts or omissions of the Owner or its agents, employees or representatives or third parties . . . ."

### XXXIII.

When Casey was preparing its work plan for the directive work it requested certain information from Mid-State concerning the construction of the conduit. Mid-State refused and failed to provide complete information, impacting the planning and performance of the directive work.

8

### XXXIV.

Mid-State is responsible for any cost and expense and damages sustained by Casey due to Mid-State's intentional and negligent acts and failure to act in administering the Contract and the conduit contract.

### XXXV.

Casey has incurred and will continue to incur damages as a direct and proximate result of Mid-State's negligent and intentional actions and failure to act in an amount that will be proven at trial, and therefore, seeks, without limitation, such damages as are found to be reasonable in the premises.

## COUNT FOUR

### Unfair Trade Practice

### XXXVI.

Casey hereby adopts by referenced paragraphs I through XXI, as if copied herein.

### XXXVII.

Not until Casey made its last payment application did Cordova begin raising issues concerning the work of Casey.

### XXXVIII.

Casey has provided Cordova with a performance bond in the amount of $9,726,095.00, which protects it from any damages arising from the failure of Casey to perform the Contract in accordance with its terms. Despite this protection, Cordova has refused to make any payments of the remaining balance of the Contract price and has made no attempt to quantify its alleged damages. The amount withheld from the Contract far exceeds any potential claim of Cordova.

### XXXIX.

In response to Cordova's arbitrary position refusing to pay the balance of the Contract price, Casey requested that Cordova verify that it had the available funding. Article 10 of the Contract provides:

> "Upon Contractor's request Owner shall demonstrate to Contractor's reasonable satisfaction that the then current balance of the RUS loan is sufficient to satisfy owner's remaining payment obligations under the Contract."

In response, Cordova admitted that the balance of the RUS funds was not sufficient to pay the remaining Contract price and that payment would have to come from the general account of Cordova, indicating that no reserve exists to provide for this liability.

### XL.

Casey has incurred and met substantial obligations to subcontractors and suppliers for the work performed on this Contract and is suffering damages due to the failure and refusal of Cordova to make payments due Casey under the terms of the Contract.

### XLI.

Cordova has indicated that it intends to withhold all payments until such time as Casey agrees to perform work demanded by Cordova which it knows or should know is not required under the terms of the Contract.

### XLII.

Casey has incurred and will continue to incur damages as a direct and proximate result of Cordova's actions in an amount that will be proven at trial.

WHEREFORE, the premises considered, R.T. Casey, Inc., prays that this Complaint against Cordova Telephone Cooperative, Inc. and Mid-State Consultants, Inc. be deemed good and sufficient, and that after due proceedings, there be judgment in its favor in the following respects:

1.

That monetary damages be entered in favor of Casey against Cordova Telephone Cooperative, Inc. for failure to pay the Contract price in the amount of $1,067,333.78 together with interest from the date payment was due.

2.

That monetary damages be entered in favor of Casey against Cordova and Mid-State, jointly and severally for the directive work in the amount of $75,215.91, together with interest from date of completion.

3.

That monetary damages be entered against Mid-State for its failure to properly administer the Contract in such amounts as are reasonable in the premises together with interest.

4.

That monetary damages, including punitive damages, be entered in favor of Casey against Cordova for unfair trade practices in such amounts as are reasonable in the premises together with interest.

5.

That Casey be awarded attorney's fees, court cost and other expenses incurred in prosecution of this suit and for all general and equitable relief.

Respectfully Submitted,

**GAUDRY, RANSON, HIGGINS
 & GREMILLION, L.L.C.**

 */s/ Daniel A. Ranson*
**DANIEL A. RANSON, T.A. (#11114)**
401 Whitney Avenue, Suite 500
Gretna, LA 70056
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
E-mail: dranson@grhg.net
Attorney for R.T. Casey, Inc.

G:\3356\0005\Pleadings\Complaint.wpd

12

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
R.T. Casey, Inc.

## DEFENDANTS
Cordova Telephone Cooperative, Inc.
and Mid-State Consultants, Inc.

(b) County of Residence of First Listed Plaintiff: **Plaquemines, Louisiana**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Anchorage, Alaska**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Daniel A. Ranson, Gaudry, Ranson, Higgins & Gremillion, LLC
401 Whitney Avenue, Suite 500, Gretna, Louisiana 70056
(504) 362-2466

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

| | | |
|---|---|---|
| R.T. Casey, Inc. | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. |
| Cordova Telephone Cooperative, Inc. and Mid-State Consultants, Inc. | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Cordova Telephone Cooperative, Inc.
through its registered agent:
K, H & G Service Company, Incorporated
255 E. Fireweed Lane
Anchorage, AK 99503

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Daniel A. Ranson
Gaudry, Ranson, Higgins & Gremillion, L.L.C.
401 Whitney Avenue, Suite 500
Gretna, LA 70056

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

| | | |
|---|---|---|
| R.T. Casey, Inc. | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. |
| Cordova Telephone Cooperative, Inc. and Mid-State Consultants, Inc. | ) ) ) | |
| *Defendant* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  Mid-State Consultants, Inc.
through its registered agent:
Registered Agent Solutions, Inc.
3867 Plaza Tower Drive
First Floor
Baton Rouge, LA 70816

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Daniel A. Ranson
Gaudry, Ranson, Higgins & Gremillion, L.L.C.
401 Whitney Avenue, Suite 500
Gretna, LA 70056

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____  _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: